UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
                                    )
MATTHEW JONES,                      )
                                    )
        Plaintiff,                  )
                                    )   Civil Action No.
        v.                          )   17-10822-FDS
                                    )
BETH DUNIGAN,                       )
                                    )
        Defendant.                  )
_____)

# MEMORANDUM AND ORDER

SAYLOR, J.

For the reasons set forth below, plaintiff's motion to proceed *in forma pauperis* will be allowed, but this action will be dismissed pursuant to 28 U.S.C. § 1915(e)(2).

## I.  Background

On May 8, 2017, Matthew Jones, a resident of Greenwood, Delaware, filed a self-prepared complaint seeking $200,000,000 from Massachusetts Assistant District Attorney ("ADA") Beth Dunigan. The complaint appears to arise from plaintiff's arrest and prosecution for felony stalking in Guilford, Connecticut. He states that the alleged incidents began in August through November 2010, continued through his incarceration, and ended with the conclusion of his probation in May 2015. Half of the eleven-page complaint is devoted to lists of various causes of actions, case law, and sections of Title 18 of the United States Code. The somewhat limited number of factual allegations are disbursed among pages 3 through 5 of the complaint.

As to the defendant ADA, plaintiff alleges that she "examined the Guilford PD Police Report" and "supported [Woman X] fully." It alleges that the police report "supported that

[plaintiff has] Schizophrenia." "Woman X" [the Court's pseudonym] is described in the complaint as a person who attended the University of Delaware with plaintiff and "without telling [plaintiff] or any of her other sexual partners about her [HIV] disease." It alleges that ADA Dunigan's actions "enabled [Woman X] and undoubtedly led to continued spread of HIV among Massachusetts men and women." It further alleges that "Matthew Jones is a sex slave name, operated by the Delawarean government."

It alleges at the bottom of page 4 of his complaint that:

> Matthew Jones is a sex slave name, made illegally by U.S. Criminal Justice authorities. It is obviously fraudulent. The listed birth mother is male. Through investigation acquired by D.A. Dunigan, this could be determined and I could be freed.

*See* Compl., p. 4 (Claim V: Emancipation Proclamation).

The complaint asserts both diversity and federal-question jurisdiction and identifies his claims as brought for violation of his constitutional rights as well as for violation of dozens of criminal laws under Title 18 of the United States Code.

With his complaint, Jones filed a motion for leave to proceed *in forma pauperis*.

## II. Discussion

### A. Plaintiff's Motion to Proceed *In Forma Pauperis*

Plaintiff has shown that he is without sufficient income or assets to pay the $400 filing fee. The motion to proceed *in forma pauperis* will therefore be granted.

### B. Preliminary Screening

When a plaintiff seeks to file a complaint without prepayment of the filing fee, summonses do not issue until the court reviews the complaint and determines that it satisfies the substantive requirements of 28 U.S.C. § 1915. A federal court may properly dismiss an action under the screening provisions of Section 1915(e)(2)(B) if the action is frivolous or malicious,

2

fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2) (B). An action is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Under 28 U.S.C. § 1915(e)(2)(B)(i), a court may dismiss a complaint as frivolous if it is "based on an indisputably meritless legal theory" or a "clearly baseless" or "fantastic or delusional" factual scenario. *Neitzke*, 490 U.S. at 327-28. In addition, "[a] district court has inherent authority to dismiss a frivolous or malicious complaint sua sponte." *Akande v. John Doe 1*, 2012 WL 1658981, at *1 (D. Mass. May 10, 2012) (citing *Mallard v. United States District Court*, 490 U.S. 296, 307–08 (1989); *Fitzgerald v. First East Seventh Street Tenants Corp.*, 221 F.3d 362, 363–64 (2d Cir. 2000)).

When examining the sufficiency of the complaint, the court must consider whether the plaintiff has pleaded "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). The court should accept as true the factual allegations of the complaint, draws all reasonable inferences in favor of the plaintiff that are supported by the factual allegations, and determines whether the complaint, so read, sets forth a claim for recovery that is "plausible on its face." *Eldredge v. Town of Falmouth*, 662 F.3d 100, 104 (1st Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. at 678 (quotation marks omitted)).

    **C.**    **Plaintiff's Complaint Lacks an Arguable Basis in Law and Fails to State a Claim upon Which Relief Can Be Granted**

Plaintiff claims that he is entitled to damages from ADA Dunigan. However, based on reasonable inferences from the complaint, any such claims are barred by the doctrine of absolute

3

prosecutorial immunity. A district attorney and his or her assistants are absolutely immune in a civil rights suit for any action taken pursuant to their role as prosecutors in preparing for the initiation of judicial proceedings and in presenting the State's case. *See Kalina v. Fletcher*, 522 U.S. 118, 129 (1997); *Imbler v. Pachtman*, 424 U.S. 409, 430–31 (1976). "The law is settled that 'prosecutors are absolutely immune from liability under § 1983 for their conduct in "initiating a prosecution and in presenting the State's case" . . . insofar as that conduct is "intimately associated with the judicial phase of the criminal process." *Miller v. City of Boston*, 297 F. Supp. 2d 361, 370 (D. Mass. 2003). "The protections of absolute immunity, moreover, extend to actions that occur prior to a formal court proceeding and outside of a courtroom." *Miller*, 297 F. Supp. 2d at 370. Thus, the complaint fails to state a claim for damages against defendant ADA Dunigan.

Plaintiff also invokes federal criminal statutes throughout his complaint as providing alternative bases for relief under Title 18 of the United States Code. However, those statutes do not provide a private right of action. Private citizens, such as plaintiff, lack a judicially cognizable interest in the federal prosecution or non-prosecution of another. *See, e.g., Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973); *accord Nieves-Ramos v. Gonzalez*, 737 F. Supp. 727, 728 (D.P.R. 1990) (same). The federal criminal statutes referred to in the complaint do not authorize plaintiff to bring a criminal or civil action in federal court. *Cok v. Cosentino*, 876 F.2d 1, 2 (1st Cir. 1989) (per curiam)(stating that only the United States as prosecutor can bring a complaint under 18 U.S.C.§§ 241-242); *Stone v. Warfield*, 184 F.R.D. 553, 555 (D. Md. 1999) (stating that individual citizens have no private right of action to institute federal criminal prosecutions).

Even giving the complaint the most liberal construction, there is no basis for a federal

4

claim. There does not appear to be any basis for diversity jurisdiction under 28 U.S.C. § 1332 and the complaint fails to state a federal question under 28 U.S.C. § 1331. Generally, a *pro se* plaintiff is afforded an opportunity to cure a deficient complaint. Here, however, plaintiff need not be given an opportunity to cure the pleading deficiencies because such efforts would be clearly futile.

### III.  CONCLUSION

For the foregoing reasons,

1. Plaintiff's motion for leave to proceed *in forma pauperis* is GRANTED;
2. The complaint is DISMISSED pursuant to 28 U.S.C. § 1915(e)(2) because the claims lack an arguable basis in law and the complaint fails to state a claim on which relief can be granted.

**So Ordered.**

/s/ F. Dennis Saylor IV
F. Dennis Saylor IV
Dated:  June 13, 2017                                             United States District Judge